UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELDRED T. KELLUM,

        Petitioner,

v.                          Case No.  8:11-cv-2753-T-17MAP
                                    8: 02-cr-33-T-24MAP

Warden FRANCISCO J. QUINTANA,

        Respondent.

_____

## O R D E R

    This cause is before the Court on Petitioner Eldred T. Kellum's construed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence.  (Doc. 1).   Kellum initiated this action on December 2, 2011, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, Western Division.   Kellum was sentenced on August 28, 2002, in the Middle District of Florida, and was confined at the United States Penitentiary in Victorville, California when he filed the petition.

    Kellum seeks habeas relief on the sole ground that a prior offense was incorrectly used to enhance the sentence in the case he challenges in his Petition, i.e., the Florida sentence. (Petition at  3-3a). Because Kellum is challenging the legality of his sentence, the California Court determined that it did not have jurisdiction because Kellum's petition was really a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (See Exhibit 1 to this Order). This Court adopts California's interpretation of Kellum's petition.

<u>The Construed Motion To Vacate Is Time-Barred</u>

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari or when the 90 days for filing for certiorari has passed.  Kellum's judgment was entered August 29, 2002.  (Doc. 69).  Kellum's notice of (direct) appeal (Doc. cr-78) was dismissed for failure to prosecute on March 2, 2006. (Doc. cr-87). Even if Kellum could have filed a petition for writ of certiorari in the United States Supreme Court, or even his judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the date of the entry of judgment, Kellum's construed 28 U.S.C. § 2255 motion to vacate is untimely. Kellum did not sign the present construed motion to vacate until November 28, 2011.

Kellum has not presented any exceptional circumstances for tolling the one-year

2

limitations period.

Accordingly, the Court orders:

That Kellum's construed 28 U.S.C. § 2255 motion to vacate (Doc. 1) is denied.  The Clerk is directed to enter judgment against Kellum and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 16, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Dorothy Kim
Eldred T. Kellum